UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

THE TOPPS COMPANY, INC.,

                                   Plaintiff,

                - against -

LEAF TRADING CARDS, LLC,

                                 Defendant.

------------------------------------------------------------ X

Case 1:11-cv-05585-DAB
ECF case

**REPLY TO COUNTERCLAIMS**

      Plaintiff, The Topps Company, Inc. ("Topps"), by its attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, for its reply to defendant Leaf Trading Cards, LLC ("Leaf")'s answer with counterclaims ("Counterclaims"), alleges as follows:

      1.     Denies the allegations in paragraph 1 of the Counterclaims except admits that Leaf is seeking the relief requested, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that Leaf purchased Topps's trading cards and autographs on the open market.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2, 7, 8, 9, 11, 17, 18, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 51, and 61 of the Counterclaims.

      3.     The allegations in paragraph 4 of the Counterclaims state legal conclusions that require no response from Topps. To the extent a response is required, Topps denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and respectfully refers all questions of law to the Court, except denies that this Court has subject matter jurisdiction under 15 U.S.C. § 2201.

4. The allegations in paragraph 6 of the Counterclaims state legal conclusions that require no response from Topps. To the extent a response is required, Topps denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and respectfully refers all questions of law to the Court, except denies that venue is proper under 28 U.S.C. § 1121 and denies that Topps committed any harm or omission in this or any other district.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Counterclaims, except admits that trading cards are a part of American culture, and that the trading card industry encompasses sports trading cards as well as non-sports trading cards.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Counterclaims, except admits that certain trading cards have become very valuable collectibles and memorabilia, and admits that trading cards are sold in the primary and secondary markets through a variety of trade channels including brick and mortar stores, auctions, trade shows, and the Internet.

7. Denies the allegations in the first two sentences of paragraph 12 of the Counterclaims and respectfully refers the Court to the referenced decisions for a full and accurate recitation of their terms. Topps denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Counterclaims, except admits that there is a community of trading card collectors on the Internet and at hobby associations and conventions.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Counterclaims, except admits that the quality and condition of

a trading card determines its worth; that there are industry standards to professionally determine the "grade" of trading cards; that professionally graded cards are "slabbed," or placed into a protective tamper-evident case; and a label is affixed on the slabbed card, which provides information concerning the card, such as its manufacturer, grade, date, player's name, etc.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Counterclaims, except admits that Beckett Grading Services and Professional Sports Authenticator are two trading card grading services.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Counterclaims, except admits that Topps is complaining that Leaf included in its advertising 11 scanned images of Topps cards.

11. Denies the allegations in paragraphs 16 and 19 of the Counterclaims and respectfully refers the Court to the referenced exhibits for a full and accurate recitation of their terms and depiction of the images.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Counterclaims except admits that Topps did not grant Tristar Productions, Inc. permission to use the Topps name or Topps card images to advertise baseball card products.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Counterclaims, except admits that Leaf produced, marketed, and sold a product known as "Best of Baseball" in 2011.

14. Denies the allegations in paragraphs 35, 48, and 49 of the Counterclaims and respectfully refers the Court to the referenced sell sheet (the "Leaf Sell Sheet") for a full and correct recitation of its terms.

15. Regarding paragraphs 50, 57, 60, and 67 of the Counterclaims, Topps repeats its responses to the paragraphs incorporated by reference.

16. Denies the allegations in paragraphs 52, 55, 62, 65, 68, 69, 70, 71, 72, 73, and 74 of the Counterclaims.

17. The allegations in paragraphs 53 and 63 of the Counterclaims state legal conclusions that require no response from Topps. To the extent a response is required, Topps denies the allegations in paragraphs 53 and 63 of the Counterclaims and respectfully refers all questions of law to the Court.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 54 and 64 of the Counterclaims, except denies the allegation that the sale of Leaf's products using the Leaf Sell Sheet is lawful.

19. Denies the allegations in paragraph 56 of the Counterclaims, except admits that Leaf is seeking the requested relief and that the trademarks are owned by Topps.

20. Admits the allegation in paragraph 58 of the Counterclaims that Topps does not have copyright registrations specific to the cards referenced in that paragraph, and refers all questions of law concerning the nature and extent of Topps's rights in the referenced cards to the Court.

21. Denies the allegations in paragraphs 59 and 66 of the Counterclaims, except admits that Leaf is seeking the requested relief and that the copyrights are owned by Topps.

### FIRST AFFIRMATIVE DEFENSE

22. The Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

23. The Counterclaims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and estoppel.

## THIRD AFFIRMATIVE DEFENSE

24. The Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

25. The Counterclaims are barred by Leaf's trademark and copyright infringement, and acts of unfair competition.

## FIFTH AFFIRMATIVE DEFENSE

26. The Counterclaims are barred because Leaf has no damages.

## SIXTH AFFIRMATIVE DEFENSE

27. Punitive damages are not warranted in this action, or any recovery of punitive damages is unconstitutional and in violation of federal or state law based on the allegations in the Counterclaims.

[Remainder of page left intentionally blank]

WHEREFORE, plaintiff/counterclaim-defendant The Topps Company, Inc. respectfully requests judgment dismissing the Counterclaims against it, together with the costs, disbursements, and attorneys' fees incurred in this action, and such other and further relief as may be due, just and proper, whether in law or in equity.

Dated: New York, New York
October 26, 2011

                                              INGRAM YUZEK GAINEN CARROLL
                                              & BERTOLOTTI, LLP

By: _____
       David G. Ebert
       Mioko C. Tajika
Attorneys for Plaintiff
  The Topps Company, Inc.
250 Park Avenue, 6th Floor
New York, NY  10177
Tel: (212) 907-9600

To:    Barry L. Cohen
        SorinRoyerCooper, LLC
        515 Madison Avenue, 13th Floor
        New York, New York 10022

        O. Luke Davis, III (admitted pro hac vice)
        Glast, Phillips & Murray, P.C.
        One Galleria Tower, Suite 2200
        13355 Noel Road, L.B. 48
        Dallas, Texas 75240

        *Attorneys for Defendant/Counterclaim-Plaintiff*
          *Leaf Trading Cards, LLC*